IN THE

## SUPREME COURT

OF THE

## STATE OF LOUISIANA.

EASTERN DISTRICT, JUNE TERM, 1825.

### CHARTRES vs. CAIRNES & AL.*

APPEAL from the court of the first district.

A contract must be expounded according to the laws of the place it was entered into.

MATHEWS, J. delivered the opinion of the court. In this case, the plaintiff commenced his suit by attachment, which was levied on property and funds of the defendant, alleged to be in the hands of Tick Rogers, who was summoned as garnishee, and in the first instance deposed that he had no property or funds in his possession belonging to the defendants; but afterwards, on further interrogatories, disclosed the whole of the facts relative to property, which he once held for said defendants, and which had been assigned by him to persons, in trust, in the city of New-York, for the purpose of paying certain creditors desig-

---

* Continued from the preceding volume.

nated by the deed of assignment, and for his own support, until he should be discharged in pursuance of some insolvent or bankrupt system, and of this assignment the garnishee had notice previous to laying the attachment, and agreed to hold the funds for the assignees.

Under these circumstances, the court below dismissed the attachment, and from that judgment the plaintiff appealed.

The correctness of the judgment of the district court depends on the validity of the deed of trust; and its validity depends on the law of the state of New-York, as being *lex loci contractus.* Both parties, plaintiff and defendants, interested in the event of the suit, are citizens of that state; so, that whatever decision may be given the citizens of our state will not be affected. The task, which is often imposed on the courts of justice of the state of Louisiana, of deciding in controversies, between citizens, entirely of other states, in consequence of our attachment laws, is by no means pleasant for the tribunals, or useful to the community. With the best intentions to do right, it is with difficulty that error can be avoided in many cases, arising under our own laws; of which, the judges are presumed to

have competent knowledge. What then, must
be the embarrassment and uncertainty, in deciding an intricate and complicated case, which
is governed wholly by foreign laws, of which the court, probably, has no practical knowlege, and may be supposed to have little even theoretical?

As evidence of the laws of New-York, in relation to the present case, we are referred to decisions of the supreme court of that state, and court for the correction of errors, and also to decisions of the court of chancery, as reported by Johnson. They have been attentively examined by us; and it is believed, that the judgment of the district court is supported by them. In opposition to these decisions, a decree is furnished, lately made by a court of chancery in that state, by which the same deed of trust now under consideration, is declared null and void, by reason of the reservation or provision contained therein for the benefit of the grantor or assignor. This decision is most clearly correct, according to the laws of this state, on the subject of insolvencies; but it seems to be contrary to the principles, recognised as prevailing in the state of New-York, by the judgments of the supreme court, and court for the correction

East'n. District,
June 1825.

CHARTRES
vs.
CAIRNES & AL.

of errors, in the cases cited. Being a court of inferior jurisdiction, we cannot admit its decree has such force as to overturn those principles which seem to be established by the tribunal of highest authority. See *Johnson's Rep. vol.* 20, and the cases there referred to, *p.* 447, particularly, *vol.* 15, of this *Reporter, p.* 571.

It is therefore ordered, adjudged and decreed, that the judgment of the inferior court be affirmed with costs.

*Livermore* for the plaintiff, *Smith and M·Caleb* for the defendants.